UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JEFFREY TISHMAN and ARNOLD                                  :
WILKINSON,                                                  :
                                                            :
                Plaintiffs,                                 :
                                                            :
        -v-                                                 :       05 Civ. 4278 (GEL)
                                                            :
THE ASSOCIATED PRESS;                                       :       **OPINION AND ORDER**
THOMAS CURLEY, CEO                                          :
(in his individual and official capacities);                :
LOU BOCCARDI, former CEO                                    :
(in his individual and official capacities);                :
WILLIAM AHEARN, VP                                          :
(in his individual and official capacities);                :
DONALD PINE, Director                                       :
(in his individual and official capacities);                :
MICHAEL BASS, Manager                                       :
(in his individual and official capacities);                :
and JOHN DOE,                                               :
                                                            :
                Defendants.                                 :
                                                            :
------------------------------------------------------------x

Sheryilyn R. Dandridge, The Dandridge Law Firm,
New York, New York, for plaintiffs.

Stephen J. Macri, Joseph B. Cartafalsa, Putney,
Twombly, Hall & Hirson LLP, New York, New
York, for defendants.

GERARD E. LYNCH, District Judge:

  Plaintiffs Jeffrey Tishman and Arnold Wilkinson, former employees of defendant, The

Associated Press ("AP"), bring this action against AP and several of its present and former

officers, alleging age discrimination in violation of federal and state law. The individual

defendants move under Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the

federal claim for failure to state a claim as to them, and defendants Lou Boccardi and Donald

Pine move under Rule 12(b)(5) of the Federal Rules of Civil Procedure for dismissal for failure of service.[1] The motion to dismiss for failure to state a claim will be granted; the motion addressed to service of process will be denied.

## SERVICE OF PROCESS

The complaint in this matter was filed on April 29, 2005. Under Rule 4(m) of the Federal Rules of Civil Procedure, service on the defendant must be made within 120 days of filing. Service was thus required to be effected by August 29, 2005. Plaintiffs concede that they did not serve Boccardi or Pine within the specified time period. (P. Mem. 10.) Indeed, so far as the record reflects, they have not served either defendant to this day.

If service is not made within the time provided, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Rule thus gives the court considerable discretion with respect to handling failures of service. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002) (holding that district courts' dismissals for failure to serve process under Rule 4(m) are reviewed for abuse of discretion). If service is not timely made, the court is required *either* to dismiss the action *or* to require that service be made within a specified time. Fed. R. Civ. P. 4(m). Defendants' argument that the time for service may only be extended upon a showing of good cause (Reply Mem. 2) is inconsistent with the plain language of the rule. Where good cause is shown, the court is *mandated* to extend the time for

---

[1] All defendants initially moved for dismissal of portions of the complaint on statute of limitations grounds. That motion has now been withdrawn, without prejudice to renewal on a fuller factual record after discovery. (Reply Mem. 3.)

service.  Even without such a showing, or even a request by plaintiff for additional time, the court is *authorized* either to dismiss the action or to require service within a set time period.  See Advisory Committee Notes to Fed. R. Civ. P. 4(m) ("[The amended Rule 4(m)] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 109 (S.D.N.Y. 2000) ("Although an extension of time is not mandatory in the absence of good cause, the Court may in its discretion extend the time to complete service."); Mejia v. Castle Hotel, 164 F.R.D. 343, 344 (S.D.N.Y. 1996) ("Where good cause is shown, Rule 4(m) requires the Court extend time to serve process . . . [;] [h]owever, where . . . good cause is not established, a court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.")  By authorizing the Court to grant additional time as an alternative to dismissal, providing that any dismissal shall be without prejudice, and affirmatively requiring such extensions where good cause for the dereliction is shown, the Rule provides trial courts with considerable flexibility, and reflects a healthy distaste for dismissing an action based on technical defects in service.

Here, the failure of service is technical, and no prejudice to the unserved defendants has been shown or even claimed.  Boccardi and Pine manifestly received notice of the action and of the contents of the complaint.  Counsel has appeared on their behalf, and brought this motion to dismiss both on grounds of lack of service and (as to the federal claim) on the merits.  No claim is made that personal service within the jurisdiction is necessary to acquire in personam jurisdiction over the defendants, who do not challenge this Court's jurisdiction over them.  Under the circumstances, no interest of justice would be served by dismissing the action.

Accordingly, plaintiff is directed to effect service of process on Boccardi and Pine on or before January 17, 2006. Defendants are encouraged to authorize their attorney to accept service on their behalf.[2]

## INDIVIDUAL LIABILITY

All the individual defendants who have appeared in the action move to dismiss the First Cause of Action, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, for failure to state a claim as to them. The motion will be granted. It is well established that "[i]ndividual supervisors are not 'employers' amenable to suit under . . . the ADEA." Bailey v. Synthes, 295 F. Supp. 2d 344, 354 (S.D.N.Y. 2003). See also Powell v. Consol. Edison Co., No. 97 Civ. 2439 (GEL), 2001 WL 262583, at *8 (S.D.N.Y. 2001) ("Second Circuit precedent bars Title VII actions against individual defendants with supervisory control over a plaintiff.").

Plaintiffs argue, however, that individual supervisors nevertheless "may be named as defendants in their representative or official capacity for purposes of respondeat superior liability." (P. Mem. 22-23), citing Leykis v. NYP Holdings, Inc., 899 F. Supp. 986 (E.D.N.Y. 1995). The Court declines to accept this theory, for which there is some, albeit scant, authority. See, e.g., id.; Roman v. Zimmerman, 881 F. Supp. 806 (N.D.N.Y. 1995) (finding that ADEA claims by employee against supervisors in their representative capacities can survive). To the extent that plaintiffs seek some way of actually holding the individual defendants liable for

---

[2] Apparently, another defendant, William Ahearn, has also not been served. Ahearn has not appeared in the action or responded to the complaint, though there is some evidence that he or attorneys who may represent him have received notice of the action. (P. Mem. 10 n.4.) Plaintiffs' request for additional time to effect service as to Ahearn is granted. Service is to be made by January 17, 2006, or the case will be dismissed as to Ahearn for failure to prosecute.

damages, their argument is flatly inconsistent with established circuit law. See Tomka v. The Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable . . . .") To the extent that the theory is designed simply as a way of attributing the acts of the individual defendants to AP, it is entirely unnecessary. Whether the individual officers who engaged in allegedly discriminatory acts are named as defendants or not, a corporate employer is accountable for the acts of its agents within the scope of their employment. Burlington Indus. v. Ellerth, 524 U.S. 742, 758 (1998). To the extent that plaintiffs seek to name individual supervisors as parties in order to facilitate discovery, the theory is unnecessary in this case, since it is conceded that the individual defendants are properly named in the Second and Third Causes of Action, brought under state and city anti-discrimination statutes that do impose individual liability, and in any event improper to the extent such a purpose would be served. As a learned judge of this Court has pointed out:

> There is no basis for keeping as defendants individuals who have no personal liability – Congress simply has not authorized it. Keeping such individuals as defendants will impose tangible costs on those individuals, including the need to devote the time and expense involved in defending against such claims. The courts cannot create their own causes of action or make individuals defend claims for which they are not liable.

Yaba v. Cadwalader, Wickersham & Taft, 896 F. Supp. 352, 354 n.1 (S.D.N.Y. 1995) (Koeltl, J.).

This Court fully agrees with the words of a distinguished former colleague:

> In my view, there is no rational basis for recognizing a right to sue an employee of a private entity in his or her "official capacity." . . . There is no need for such "official capacity" litigation in the case of private entities that are themselves subject to suit. It would

5

> serve no useful purpose to have, as parties to the litigation, individuals who would drop out of the case the moment they left the employ of the employer defendant. It has been suggested that it is appropriate to have individuals sued in their "official capacity" where they are individually responsible for the prohibited acts in order to hold them publicly accountable for their actions. Coraggio v. Time Inc. Magazine Co., No. 94 Civ. 5429 (MBM), 1995 WL 242047, at *8 (S.D.N.Y. April 26, 1995).[3] The function of the courts, however, is to provide a remedy against those that Congress has determined should be held liable for the plaintiff's damages, not to affix moral blame. If Congress has made a determination that individual employees should not be personally liable for acts of discrimination, it is not for the courts to second guess that judgment and provide some type of moral sanction against those who engaged in prohibited conduct. If an individual is to be required to bear the tremendous financial and emotional expense that civil litigation often involves, it should be because the end of that litigation may result in an award of damages against that person. An individual should not be require[d] to bear such costs simply to protect his or her reputation in an action that the employer may or may not choose to settle.

Bakal v. Ambassador Constr., No. 94 Civ. 584 (JSM), 1995 WL 447784, at *4 (S.D.N.Y. 1995) (Martin, J.). See also Bonner v. Guccione, 916 F. Supp. 271, 279 (S.D.N.Y. 1996) (Cote, J.) ("This Court, however, does not believe that [the statute] authorizes a private right of action against a supervisory employee in his or her official capacity."); Davis v. City Univ. of N.Y., No. 94 Civ. 7277 (SHS), 1996 WL 243256 (S.D.N.Y. May 9, 1996) (Stein, J.) ("[T]he Court holds that the individual defendants may be sued neither in their individual capacities nor in their official capacities.").

---

[3] It should be noted that the equally distinguished author of Coraggio later disavowed its reasoning. Gray v. Shearson Lehman Bros., Inc., 947 F. Supp. 132, 135-36 (S.D.N.Y. 1996) (Mukasey, J.).

## CONCLUSION

Accordingly, for the reasons stated above, the motion of defendants Boccardi and Pine for dismissal for failure of service is denied; plaintiffs are directed to effect service on defendants Boccardi, Pine and Ahearn on or before January 17, 2006, or face dismissal of the complaint as to those defendants for failure to prosecute. The motion of the individual defendants to dismiss the First Cause of Action as to them is granted.

SO ORDERED.

Dated: New York, New York
        December 15, 2005

_____
GERARD E. LYNCH
United States District Judge